Stuart B. Rodgers – 025720
Jonathan C. Simon – 029750
**LANE & NACH, P.C.**
2001 E. Campbell Ave., Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: stuart.rodgers@lane-nach.com
Email: jonathan.simon@lane-nach.com

Attorneys for Eric M. Haley, Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RUBEN ANTONIO MEJIAS and CRYSTAL RICHELE MEJIAS,<br><br>Debtors. | (Chapter 7 Case)<br><br>No. 2:14-bk-03576-MCW<br><br>**TRUSTEE'S MOTION TO COMPEL DEBTORS TO TURNOVER ESTATE PROPERTY** |

Eric M. Haley, Chapter 7 Trustee, by and through his attorneys undersigned, herein moves this Court for an Order compelling Debtors to turnover Estate property and to comply with their duties. For his Motion, Trustee represents as follows:

1. This case was commenced by a voluntary Petition filed by Ruben Antonio Mejias and Crystal Richele Mejias ("Debtors") under Chapter 7 on March 17, 2014 ("Petition Date").

2. Eric M. Haley is the duly appointed and acting trustee of the Chapter 7 Estate (hereinafter "Trustee").

**A. Procedural Background**

3. On October 31, 2014, the Trustee requested information from the Debtors pursuant to F.R.B.P. 2004. Debtors failed to produced records or appear for examination on December 9, 2014.

4. On or about January 14, 2015, Trustee filed his Application for Order to Show Cause as to why the Debtor failed to appear for examination or produce the requested information.

5. Debtors failed to appear at the OSC hearing on February 10, 2015 or produce the requested documentation to the Trustee.

6. On or about March 17, 2015, the Debtors again failed to appear at the continued OSC hearing

or produce the requested documentation to the Trustee.

7. On or about April of 2015, Debtors provided a portion of the requested documentation to the Trustee.

8. Based upon the documentation provided, Trustee and Debtors agreed to set a continued 2004 examination on April 16, 2015.

9. Debtors again failed to appear at the continued 2004 examination, so Trustee and Debtors agreed to reschedule the 2004 examination to April 30, 2015.

10. Debtor Crystal Richele Mejias appeared at the 2004 examination on April 30, 2015, but failed to provide the tax returns for Mr. Mejias for the years 2011-2014 and the tax returns for Mrs. Mejias for the years 2013 and 2014.

11. On or about May 27, 2015, Debtors provided the missing tax returns to the Trustee.

**B. Accounts Receivable for Southwest Stucco Systems, Inc**.

12. Pursuant to the Debtors' Statement of Financial Affairs [DE 37 p. 5] and information provided to the Trustee, Debtors were the sole owners of Southwest Stucco Systems, Inc. ("Business") on the Petition Date.

13. Upon information and belief, the Debtors interest in the Business and the Business itself is 100% Estate property as of the Petition Date pursuant to 11 USC §541(a).

14. Debtors failed to schedule any value associated with the Business on Schedule B of their Schedules of Assets and Liabilities filed with this court.

15. Debtors did not schedule any business debts associated with the Business on Schedule D, E or F.

16. Pursuant to the Debtor's testimony at the 2004 examination held on April 30, 2015, and upon information and belief, the following checks deposited into the Business's 1st Bank account #X-0459 were accounts receivable owed to the Business on the Petition Date for work performed by the Debtor prior to the Petition Date (hereafter referred to together as "Accounts Receivable"):

| Payor | Payee | Date | AMOUNT | Check Number |
|---|---|---|---|---|
| Henry Products, Inc. | Business | March 18, 2014 | $3,115.84 | 2632 |

Lane & Nach, P.C.
2001 E. Campbell Ave., Suite 103
Phoenix, AZ 85016

2

| Payor | Payee | Date | AMOUNT | Check Number |
|---|---|---|---|---|
| Henry Products, Inc. | Business | March 25, 2014 | $4,169.17 | 2633 |
| Bil Motel Properties, LLC | Business | March 27, 2014 | $2,075.00 | 13930 |
| Builders Depot AZ, Inc. | Business | April 3, 2014 | $1,400.00 | 25771 |
| Bil Motel Propeties, LLC | Business | April 8, 2014 | $1,300.00 | 13942 |
| Henry Products, Inc. | Business | April 9, 2014 | $5,028.25 | 2636 |
| Neil Kline | Business | April 14, 2014 | $7,845.00 | 860 |
| Builders Depot AZ, Inc. | Business | April 23, 2014 | $1,300.00 | 25794 |
| Bil Motel Properties, LLC | Business | April 23, 2014 | $1,200.00 | 13962 |
| Neil Kline | Business | April 29, 2014 | $3,922.00 | 872 |

17. A copy of the checks evidencing the Accounts Receivable are attached hereto as Exhibit "A".

18. Pursuant to the information provided to the Trustee and upon information and belief, the Business had no debt as of the Petition Date.

19. Pursuant to the information provided to the Trustee and upon information and belief, all outstanding Accounts Receivable were collected by the Debtors subsequent to the Petition Date.

20. All of the Debtors' contractual rights and interests in the Business became property of the Estate under § 541(a)(1) by operation of law on the Petition Date. See *In re First Protection*, 440 B.R. 821 (BAP 9th Cir. 2010).

21. As of the Petition Date, only the Trustee was empowered to collect the Accounts Receivable due to the Business and since there was no debt of the Business, the entirety of the Accounts Receivable was Estate Property.

22. Any effort by the Debtors to exercise dominion over the Accounts Receivable was without authority.

23. Upon information and belief, Debtors have collected the Accounts Receivable in the approximate amount of $31,355.26 and have failed to remit such funds to the Trustee.

24. Despite demand, the Debtors have failed to turn over the Accounts Receivable to the Trustee.

25. Debtors utilized the funds post-petition for their own benefit despite the Accounts Receivable

being unencumbered assets of the business wholly owned by the Estate, and by extension were themselves Estate assets.

26. The Debtors, without authorization of the Trustee or the Court, devalued the Estate's assets in the amount of $31,355.26, and are therefore liable to the Estate for those damages.

**B. 2014 Tax Returns and Refunds**

26. The following tax refunds are property of the Bankruptcy Estate: (a) Mr. Mejias' 2012 personal federal income tax refund received post-petition in the amount of $271.00; (b) Mr. Mejias' 2013 personal federal income tax refund received post-petition in the amount of $67.00; (c) Ms. Mejias' 2013 personal federal income tax refund received post-petition in the amount of $693.00; and (d) The Estate's portion (20.82%) of Ms. Mejias'2014 personal state income tax refund in the amount of $20.82 (referred to together as "Tax Refunds").

**C. Turnover of Assets**

27. Trustee has made demand for turnover of the Accounts Receivable and Tax Refunds, but the Debtors have failed to remit them to the Estate.

28. Pursuant to 11 U.S.C. §521, the Debtors are required to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties" and to "surrender to the trustee, all the property of the estate". Pursuant to 11 U.S.C. §542, the Debtors have a duty to turn over the Accounts Receivable and Tax Refunds.

29. Debtors have failed to timely turn over estate property which gave rise to the Trustee having to utilize counsel to force the Debtors to comply with their duties under the bankruptcy code. This Court has the authority pursuant to 11 U.S.C. §105 to issue any order "that is necessary or appropriate to carry out the provisions of this title". The Ninth Circuit Court of Appeals has recognized that the Bankruptcy Courts have the inherit power to sanction vexatious conduct presented before the court. *In re Rainbow Magazine, Inc.* 77 F.3rd 278 (9th Cir. 1996). Accordingly, Trustee asks that if the Debtors fail to remit the Accounts Receivable and Tax Refunds to the Trustee within fourteen days of the Order directing turnover, that Debtors pay for the Trustee's reasonable attorney's fees and costs in the amount of $750.00.

30. Trustee further requests that that interest on the amount due, until paid, shall accrue at the rate set forth in 28 U.S.C. §1961.

WHEREFORE, Eric M. Haley, Trustee, respectfully requests for an Order of this Court:

A. Directing Debtors to turn over of the equivalent value of the Accounts Receivable in the amount of $31,355.26, to be paid to the Trustee within fourteen (14) days of the entry of the Order directing turnover;

B. Directing Debtors to turn over of the equivalent value of the Tax Refunds in the amount of $1,051.82, to be paid to the Trustee within fourteen (14) days of the entry of the Order directing turnover;

C. Directing that if the sums due have not been turned over to the Trustee within fourteen (14) days after the entry of the Order directing turnover, the Trustee is awarded $750.00 in reasonable attorney's fees and costs;

D. Providing that interest will accrue on the amount due at the rate set forth in 28 U.S.C. §1961; and,

E. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of August, 2015.

**LANE & NACH, P.C.**

By /s/ JCS – 029750
    Stuart B. Rodgers
    Jonathan C. Simon
    *Attorneys for Trustee*

Copy of the foregoing mailed first class mail to:

Ruben Antonio Mejias
Crystal Richele Mejias
11336 N. 153r Drv.
Surprise, AZ 85379
*Debtors*

COPY of the foregoing delivered via electronic notification to:

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Christopher.J.Pattock@usdoj.gov
Email: ustpregion14.px.ecf@usdoj.gov

By /s/ Danica Acosta

Lane & Nach, P.C.
2001 E. Campbell Ave., Suite 103
Phoenix, AZ 85016

5